UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARY ANN DIMITRI

       Plaintiff,
vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

       Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARY ANN DIMITRI, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, MARY ANN DIMITRI, is *sui juris*, and a citizen and resident of the state of South Carolina.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about September 24, 2019, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL SUNSHINE as a result of the failure to monitor an inebriated passenger named JOANNE BAXTER who staggered into the Plaintiff and knocked her forcefully to the deck.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL SUNSHINE.

## COUNT ONE-NEGLIGENCE

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff happened to be in the casino area of the ship when she observed a female passenger staggering along the hallway in an obviously intoxicated state.

15. Plaintiff observed that even though there were Carnival employees watching this inebriated passenger, no one was doing anything to assist her or to protect other passengers like Plaintiff from this drunken passenger who was not in control of her faculties.  In addition, there were numerous cameras in the immediate vicinity that would have seen the drunken passenger as she staggered through the area.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to monitor the area so as to keep other passengers safe from this obviously inebriated and drunken passenger.

17. Although Plaintiff attempted to get out of the way of this drunken passenger, the drunken passenger suddenly lurched into the Plaintiff, striking her forcefully and knocking her down to the floor.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL SUNSHINE by reason of an unreasonably dangerous fellow passenger who was obviously drunk and inebriated and unable to care for her own safety and that of other passengers like Plaintiff.

19. Defendant has policies and procedures to stop serving obviously inebriated passengers and to escort them to their cabins if they are obviously intoxicated as was the case here.

20. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a.    Failing to properly monitor an obviously inebriated passenger, and/or;

    b.    Failing to stop serving alcoholic beverages to an obviously inebriated passenger, and/or;

    c.    Failing to monitor closed circuit television cameras so as to take control of an obviously inebriated passenger, and/or;

    d.    Failing to follow its own policies and procedures regarding the care and safety of passengers like Plaintiff in regard to harm caused by intoxicated passengers, and/or;

    e.    Failing to properly supervise a public area of the ship, and/or;

    f.    Failing to warn Plaintiff of the dangers of drunken passengers being unsupervised, and/or;

21.    At all times material, the dangerous conditions existed for a sufficient period of time that Defendant had constructive and/or actual knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty to have caused or contributed to causing Plaintiff's injury.

22.    As a result of the foregoing, the Plaintiff was seriously injured when she was caused to be knocked to the deck by an obviously inebriated passenger. Among other injuries, Plaintiff suffered a fractured hip which required surgery.

23.    At all times material hereto, the Plaintiff acted with reasonable care for her own safety and was exercising reasonable care in the circumstances for her own safety.

24.    As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the

ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement from surgery.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 16th day of June, 2020.

> HOFFMAN LAW FIRM
> PAUL M. HOFFMAN, ESQ.
> 2881 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 707-5040
>
> */s//Paul M. Hoffman, Esq.*
> PAUL M. HOFFMAN
> Florida Bar No:   0279897